NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY L. WILLIAMS, | No. 20-15767 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-08434-JSC |
| v. | |
| AMERICAN AIRLINES, INC., successor-in-interest to U.S. AIRWAYS, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding**

Submitted April 20, 2021***

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Anthony L. Williams appeals pro se from the district court's judgment

dismissing his diversity action alleging employment claims under California law.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of a motion to remand. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n.2 (9th Cir. 2004). We affirm.

The district court properly denied Williams's motion to remand because defendant timely removed the action and the district court had subject matter jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(a) (setting forth requirements for diversity jurisdiction); 28 U.S.C. § 1446(b)(1) (notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (30-day deadline to remove is "triggered by" service of the summons and complaint).

In his opening brief, Williams fails to raise, and therefore has waived, any challenge to the district court's grant of judgment on the pleadings. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

Williams's motion for publication of the decision is denied.

**AFFIRMED.**